**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LINDA A. PETRANCOSTA and PAUL PETRANCOSTA, Individually and as Husband and Wife, <br><br> Plaintiffs, <br><br> v. <br><br> JAVED I. MALIK, M.D., et al., <br><br> Defendants. | CIVIL ACTION NO. 3:12-0677 <br><br> (JUDGE CAPUTO) |

**MEMORANDUM**

Presently before the Court is a Complaint filed by Plaintiffs Linda and Paul Petrancosta (Doc. 1). Because the Complaint fails to establish that this Court has subject matter jurisdiction over the action, it will be dismissed unless Plaintiffs can show that diversity jurisdiction is proper.

**I. Background**

Plaintiffs bring this action alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1, ¶ 1.) Plaintiffs are averred to be adult individuals "residing at 11601 Scallup Drive, Port Richey, FL 34668." (Doc 1, ¶¶ 2-3.)

Plaintiffs assert this medical professional liability action against eleven (11) Defendants. (Doc. 1, ¶¶ 5-15.) Defendant Javed I. Malik, M.D., is alleged to be "an adult individual who at all times relevant hereto was a physician licensed in the Commonwealth of Pennsylvania and maintaining a place of business at Pocono Medical Center, 26 E. Brown Street, E. Stroudsburg, PA 18301." (Doc. 1, ¶ 5) Defendant Daniel Roesler, M.D., is alleged to be "an adult individual who at all times relevant hereto was a physician licensed in the Commonwealth of Pennsylvania and maintaining a place of business at Lehigh Valley Physicians Group d/b/a Surgical Specialists of the Lehigh Valley at 1240 South Cedar Crest Blvd., Suite 308, Allentown, PA 18103." (Doc. 1, ¶ 6.) Defendants Asha Forde, Karyn Waters, Desiree Gomez, Shirley King, Dawn Chaffardet, and Danielle Hunter are all alleged

to be "adult individuals whom at all times relevant hereto were certified registered nurses licensed in the Commonwealth of Pennsylvania and maintaining a place of business at Pocono Medical Center, 206 E. Brown Street, E. Stroudsburg, PA 18301." (Doc. 1, ¶¶ 7-12.) The final individual Defendant, whose name cannot be discerned from the Complaint, is alleged to be "an adult individual who at all times relevant hereto was a physical therapist licensed in the Commonwealth of Pennsylvania and maintaining a place of business at Pocono Medical Center, 206 E. Brown Street, E. Stroudsburg, PA 18301." (Doc. 1, ¶ 13.) Also named as Defendants are two corporations. (Doc. 1, ¶¶ 14-15.) Defendant Pocono Medical Center "is a hospital and is believed and therefore averred to be a corporation formed and existing under the laws of the Commonwealth of Pennsylvania with a business address of 206 E. Brown Street, E. Stroudsburg, PA 18301." (Doc. 1, ¶ 14.) Lastly, Defendant Pocono Health System "is believed and therefore averred to be a corporation formed and existing under the laws of the Commonwealth of Pennsylvania with a business address of 206 E. Brown Street, E. Stroudsburg, PA 18301." (Doc. 1, ¶ 15.)

## II. Discussion

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiffs allege that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of

citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

**A.     Citizenship of Plaintiffs**

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir.2008) (citing *Gilbert v. David*, 235 U.S. 561, 569, 35 S.Ct. 164, 59 L.Ed. 360 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir.1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 34 S.Ct. 442, 58 L.Ed. 758 (1914).

To the extent the Complaint alleges that Plaintiffs "reside" in Port Richey, Florida, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir.1972) ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity") (internal citations omitted). The Court therefore finds that the Complaint has not properly alleged Plaintiffs' citizenship for the purposes of diversity jurisdiction.

**B.     Citizenship of Individual Defendants**

The Complaint also fails to properly allege the citizenship of the individual Defendants. As set forth above, a natural person is deemed to be a citizen of the state where he or she is domiciled. *See Swiger*, 540 F.3d at 182. In particular, the Complaint only alleges that the individual Defendants are professionals licensed to practice in

Pennsylvania with a business address in Pennsylvania. (Doc.1, ¶¶ 5-13.) These allegations, however, are inadequate to establish the state where the individual Defendants are domiciled as "averring that an individual has a place of business in a state is not tantamount to alleging each individual's citizenship." *Lubart v. Riley & Fanelli, P.C.*, No. 97-6392, 1998 WL 398253, at *10 n.21 (E.D. Pa. June 22, 1998). Thus, the Court cannot determine whether there is proper jurisdiction over the individual Defendants.

## C. Citizenship of Corporate Defendants

Lastly, the Complaint fails to properly allege the citizenship of the corporate Defendants. A corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation may only have *one* principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has *"its* principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "*a* principal place of business," rather than "*its* principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

Here, Plaintiffs' Complaint lists two (2) separate corporate Defendants. The Complaint, however, only includes facts that the corporations are "formed and existing under the laws of the Commonwealth of Pennsylvania with a business address of . . . ." (Doc. 1, ¶¶ 14-15.) In order to properly plead the citizenship of these corporations, Plaintiffs must allege the principal place of business and state of incorporation of each corporation. As the Complaint can only be interpreted to contain allegations regarding the corporate Defendants' state of incorporation, and not their principal place of business, the Court cannot determine whether there is proper jurisdiction over the

corporate Defendants.

### III. Conclusion

For the above stated reasons, the Complaint fails to adequately plead the citizenship of Plaintiffs and Defendants.  As Plaintiffs have not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3).  However, pursuant to 28 U.S.C. § 1653, Plaintiff will be permitted the opportunity to demonstrate that diversity-of-citizenship jurisdiction exists, thereby saving its Complaint.  *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts.").  As such, Plaintiffs will be given twenty-one (21) days in which to file an amended complaint.  Failure to do so will result in the dismissal of this action.

An appropriate order follows.


April 18, 2012                                                               /s/ A. Richard Caputo  
Date                                                                         A. Richard Caputo  
                                                                                United States District Judge