# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA PETRANCOSTA, *et al.*, | : | Civil No. 3:12-CV-00677 |
| Plaintiffs, | : | (Judge Brann) |
| v. | : | (Magistrate Judge Arbuckle) |
| JAVED I. MALIK, *et al.*, | : | |
| Defendants, | : | |

## REPORT AND RECOMMENDATION

(Defendant Pocono Health System's Motion for Summary Judgment – Doc. 63)

## TABLE OF CONTENTS

**INTRODUCTION** .................................................................................................. 2
**PROCEDURAL HISTORY** ................................................................................... 2
**STATEMENT OF MATERIAL FACTS** ............................................................... 2
**SUMMARY JUDGMENT STANDARD** .............................................................. 4
**DISCUSSION** ........................................................................................................ 7
    A. Corporate Negligence ...................................................................................... 7
    B. Vicarious Liability .......................................................................................... 7
**RECOMMENDATION** ........................................................................................ 12
**NOTICE OF REPORT & RECOMMENDATION** ............................................. 13

# INTRODUCTION

Pending before the Court is Defendant Pocono Health System's motion for summary judgment. The complaint alleges a cause of action in negligence against Pocono Health System. For reasons set forth below, it is recommended that the motion be granted in part and denied in part.

# PROCEDURAL HISTORY

Plaintiff Linda Petrancosta began this diversity action by filing a complaint on April 11, 2012. (Doc. 1). An amended complaint was filed nine days later. (Doc. 4). Defendant Pocono Health System filed an answer on May 21, 2012. (Doc. 10). Defendant filed a motion for summary judgment along with a supporting brief on September 20, 2013. (Docs. 63, 64). Plaintiff submitted opposition materials on July 17, 2014. (Doc. 83, 84). On October 24, 2014, the case was referred to the undersigned magistrate judge for the purpose of preparing a Report and Recommendation on the instant motion.

# STATEMENT OF MATERIAL FACTS

The following is a statement of material facts drawn from Defendant's supporting materials, (Doc. 63), Plaintiff's opposition materials, (Docs. 87, 88-1),

and materials in the record known to this Court.[1] The facts are set forth in the light most favorable to Plaintiff, the nonmoving party.

On April 19, 2010, Plaintiff Linda Petrancosta was transported to the Pocono Medical Center after being involved in an automobile accident. (Doc. 4, ¶¶ 26-27; Doc. 63, ¶ 3). Upon arrival at the emergency department, X-rays and a CT scan were conducted of Petrancosta's cervical spine. (Doc. 4, ¶¶ 28; Doc. 63, ¶ 3; Doc. 88-1, pp. 1-2). The scans were interpreted by Dr. Malik who did not diagnose a fracture of the cervical spine. (Doc. 4, ¶¶ 29-30; Doc. 63, ¶ 3). Petrancosta was subsequently treated by Dr. Roesler and cared for by various nurses and a physical therapist. (Doc. 4, ¶¶ 34-35; Doc. 88-1, pp. 2-4). For the next two days, Petrancosta complained of pain in her neck and limbs. (Doc. 4, ¶ 38-39; Doc. 88-1, pp. 2-4). On April 21, 2010, another CT scan of Petrancosta's cervical spine was conducted. (Doc. 4, ¶ 42). That scan showed a displaced fracture of the cervical spine. (*Id.*; Doc. 88-1, p. 5). Petrancosta was then placed on full spinal precautions and transferred to Lehigh Valley Hospital to undergo further testing and surgical stabilization. (Doc. 4, ¶¶ 44-45; Doc. 63, ¶ 3).

---

[1] In contravention of Rule 56(c)(1) and Local Rule 56.1, Defendant's statement of facts did not support its factual assertions with citations to the record. Nor did Defendant include any evidentiary material in support of its factual assertions. Plaintiff, for her part, included only an expert report. *See* Doc. 88-1. Consequently, this recital of facts is drawn from undisputed statements in the pleadings, the parties' statement of facts, and Plaintiff's expert report.

Petrancosta subsequently brought this action alleging that she was injured as a result of the negligence of Dr. Malik, Dr. Roesler, various nurses, a physical therapist, Pocono Medical Center, and Pocono Health System (Doc. 4, ¶¶ 48, 61, 74, 87, 152, 164, 167). Specifically, Petrancosta alleges that the defendants were negligent with respect to their diagnosis and treatment of Petrancosta during her admission to Pocono Medical Center. (*Id.*). Petrancosta also alleges that Dr. Malik, Dr. Roesler, the nurses, and the physical therapist were employees or ostensible agents of Pocono Medical Center and/or Pocono Health System. (Doc. 4, ¶¶ 16-24). Defendant denies the forgoing except it admits that the nurses and physical therapist were employees of Pocono Medical Center. (Doc. 10, ¶¶ 16-24).

## **SUMMARY JUDGMENT STANDARD**

We will examine the motion for summary judgment under the well established standard. Rule 56(a) of the Federal Rules of Civil Procedure provides as follows:

> A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion. Fed. R. Civ. P. 56(a).

For purposes of Rule 56, a fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive

law.  *Haybarger v. Laurence Cnty. Adult Prob. & Parole*, 667 F.3d 408, 412 (3d Cir. 2012) (*quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).  For an issue to be genuine, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.* (*quoting Anderson*, 477 U.S. at 248-49).

Accordingly, in support of a motion for summary judgment, the moving party must show that if the evidence of record were reduced to admissible evidence in court, it would be insufficient to allow the non-moving party to carry its burden of proof.  *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986).  Provided the moving party has satisfied this burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007).  Instead, if the moving party has carried its burden, the non-moving party must then respond by identifying specific facts, supported by evidence, which show a genuine issue for trial, and may not rely upon the allegations or denials of its pleadings. *See Martin v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2007); see also Fed. R. Civ. P. 56(c).

In adjudicating the motion, the court must view the evidence presented in the light most favorable to the opposing party, *Anderson*, 477 U.S. at 255, and draw all reasonable inferences in the light most favorable to the non-moving party, *Big*

*Apple BMW, Inc. v. BMW of North America, Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). Where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true. *Id.* Additionally, the court is not to decide whether the evidence unquestionably favors one side or the other, or to make credibility determinations, but instead must decide whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. *Id. at 252; see also Big Apple BMW*, 974 F.2d at 1363. In reaching this determination, the Third Circuit has instructed that:

> To raise a genuine issue of material fact . . . the opponent need not match, item for item, each piece of evidence proffered by the movant. In practical terms, if the opponent has exceeded the "mere scintilla" threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent. It thus remains the province of the factfinder to ascertain the believability and weight of the evidence. *Id.* In contrast, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted); *NAACP v. North Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 476 (3d Cir. 2011).

Often described as a legal test that is easy to state but hard to apply, we now turn to the facts of this case to determine if there is a genuine dispute of material fact requiring a trial.

# DISCUSSION

Count X of the amended complaint alleges a cause of action in negligence against Defendants Pocono Medical Center and Pocono Health System. (Doc. 4, ¶¶ 164-67). Defendant Pocono Health System (PHS) argues that it is entitled to summary judgment because it is a parent entity that is not subject to direct liability under Pennsylvania's doctrine of corporate negligence. (Def. Br., pp. 3-4, Doc. 64). In opposition, Plaintiff contends that summary judgment is inappropriate because PHS can be held vicariously liable for the alleged negligence of its employees and ostensible agents. (Pl. Br., pp. 5-6, Doc. 88). The two theories of liability are addressed in turn.

## A. Corporate Negligence

Petrancosta has agreed to withdraw its claims premised on corporate negligence against Pocono Health System. (Doc. 87 ¶ 4; Doc. 88, p. 5). Therefore, Pocono Health System should be granted partial summary judgment on the issue of direct corporate negligence.

## B. Vicarious Liability

In addition to direct liability, a plaintiff in a medical malpractice action may proceed under a theory of vicarious liability. *Scampone v. Highland Park Care Center, LLC*, 57 A.3d 582, 597 (Pa. 2012). Petrancosta contends that Pocono

Health System is subject to liability for the alleged negligence of its employees and ostensible agents. (Pl. Br., pp. 5-6).

In Pennsylvania, an employer is vicariously liable for the negligent acts of an employee where such acts were committed during the course of and within the scope of employment. *See Sutherland v. Monongahela Valley Hosp.*, 856 A.2d 55, 62 (Pa. Super. 2004) (citations omitted). An employee's conduct is within the scope of employment if (1) it is of a kind and nature that the employee is employed to perform, (2) it occurs substantially within the authorized time and space limits, (3) it is actuated at least in part by a purpose to serve the employer, and (4) if force is intentionally used, the use of force is not unexpected by the employer. *Sokolsky v. Eidelman*, 93 A.3d 858, 864 (Pa. Super. 2014) (citation omitted). A health care provider may also be subject to vicarious liability for the acts of independent contractors under the theory of ostensible agency. *Davis v. Hoffman*, 972 F. Supp. 308, 312, 314 (E.D. Pa. 1997). The elements of ostensible agency are satisfied where (1) the patient looks to the institution rather than the agent for medical care; and (2) the institution holds out the agent as its employee. *See Tindall v. Friedman*, 970 A.2d 1159, 1168 (Pa. Super. 2009); *Parker v. Freilich,* 803 A.2d 738 (Pa. Super. 2002). A holding out occurs when the institution acts or omits to act in some way which leads the patient to reasonably believe she is being treated by the

institution or one of its employees. *Yacoub v. Lehigh Valley Med. Associates, P.C.*, 805 A.2d 579, 591 (Pa. Super. 2002).

Here, Pocono Health System did not directly address the issue of vicarious liability in its supporting materials. Nor did Pocono Health System file a reply brief. Therefore, a threshold issue is whether Petrancosta properly pleaded a theory of vicarious liability or is instead attempting to raise new claims in her opposition brief. A plaintiff may not "expand h[er] claims to assert new theories for the first time in response to a summary judgment motion." *Kocher v. Larksville Borough*, 926 F. Supp. 2d 579, 604-05 (M.D. Pa. 2013); *see also Leuthner v. Blue Cross & Blue Shield of Ne. Pennsylvania*, 270 F. Supp. 2d 584, 588-89 (M.D. Pa. 2003) ("We will not permit Plaintiffs to sidestep their obligation to properly plead allegations within their Complaint by adopting arguments within their brief that are inconsistent with the allegations actually plead.").

The complaint alleges that the doctors and nurses who treated Petrancosta were employees or ostensible agents of Pocono Medical Center or Pocono Health System. (Doc. 4, ¶¶ 16-24). The complaint also alleges acts or omissions by those individuals that occurred during the course of and within the scope of employment (*E.g.*, *id.* ¶¶ 35, 61, 74, 164). Finally, the complaint alleges that Petrancosta was injured as a result of the negligent acts or omissions of the individual defendants during an emergency room visit. (*Id.* ¶¶ 28-43, 164, 167). The doctrine of

ostensible agency applies to an "emergency room visit in which the patient goes to the hospital for care without any existing relationship with the physician about to treat her." *Davis*, 972 F. Supp. at 312. Accordingly, Petrancosta raised the issues of employment and ostensible agency in her pleadings and is not precluded from arguing that Pocono Health System is subject to vicarious liability.

In its statement of facts in support of the instant motion for summary judgment, Pocono Health System asserts that it is "not in the business of providing healthcare or medical services to the public." (Doc. 63, ¶ 7). Pocono Health System also claims that it "was not involved in the care and treatment of [Petrancosta], and was not obligated to provide for [such] care and treatment . . . because [it] is not a medical provider." (*Id.* ¶ 9). PHS, however, does not cite any evidentiary material in support of these assertions.[2] Federal Rule of Civil Procedure 56 provides that a "party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1). Further, under Local Rule 56.1, a motion for summary judgment must be accompanied by a statement of material facts that "shall include references to the parts of the record that support the statements." Local Rule 56.1. Therefore, Pocono Health System's factual assertions will be disregarded. *Cf. Landmesser v.*

---

[2] More generally, PHS's statement of facts and its supporting brief do not contain any citations to the record (except the complaint) or other evidentiary material. Nevertheless, this Court conducted an independent search of the record, as permitted under Rule 56(c)(3), but did not locate any materials in support of PHS's assertions.

*Hazleton Area School Dist.*, 982 F. Supp. 2d 408, 412-13 (M.D. Pa. 2013) (denying motion for summary judgment because moving party "failed to file a statement of material facts with appropriate record citations").

As the moving party, Pocono Health System had the initial burden of producing "affirmative evidence that negates an essential element of the nonmoving party's claim" or, alternatively, "demonstrat[ing] . . . that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330-31 (1986) (Brennan, J., dissenting)[3]. If Pocono Health System "ha[s] not fully discharged this initial burden of production, [its] motion for summary judgment must be denied." *Id.* at 332. Here, Pocono Health System did not meet their initial burden of showing the absence of a genuine issue for trial. In particular, Pocono Health System did not produce any evidence that negates an element of a vicarious liability claim. Indeed, Pocono Health System did not produce any evidentiary material at all in support of its motion. Nor did Pocono Health System "affirmatively demonstrate that there is no evidence in the record to support a judgment for [Petrancosta]" *Id.* (noting that the moving party may demonstrate the absence of evidence "by reviewing for the court the admissions, interrogatories,

---

[3] *See In re Bressman*, 327 F.3d 229, 237, n.3 (3d Cir. 2003) (noting that Justice Brennan's dissent in *Celotex* did not differ with the opinion of the Court regarding the appropriate standards for summary judgment).

and other exchanges between the parties that are in the record"). Instead, Pocono Health System merely asserted, without evidentiary support, that it was not involved in the care and treatment of Petrancosta. (*E.g.*, Doc. 63, ¶ 9). Since Pocono Health System did not fully discharge their burden of production, it is recommended that summary judgment be denied with respect to the issue of vicarious liability.

## **RECOMMENDATION**

For the forgoing reasons, it is recommended that Pocono Health System's motion for summary judgment be granted in part and denied in part.

With respect to Pocono Health System's motion for summary judgment as to the direct corporate negligence claim in Count X, it is recommended that summary judgment be **GRANTED**.

With respect to Pocono Health System's motion for summary judgment as to vicarious liability as set forth in Count X, it is recommended that summary judgment be **DENIED**.

# NOTICE OF REPORT & RECOMMENDATION

NOTICE IS HEREBY GIVEN that the Magistrate Judge has entered the foregoing Report and Recommendation.

Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> **Any party may object** to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within fourteen (14) days after being served** with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. **The briefing requirements set forth in Local Rule 72.2 shall apply**. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions. M.D.Pa. LR 72.3 (2010). (emphasis added).

Dated: <u>01/21/2015</u>.       <u>*s/ William I. Arbuckle, III*</u>
                                               WILLIAM I. ARBUCKLE, III
                                               UNITED STATES MAGISTRATE JUDGE